**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**COLUMBIA DIVISION**

| | |
|---|---|
| MAURICE SCOTT, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 3:09-1032-CMC-JRM |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| TITLEMAX OF COLUMBIA, ) | |
| TITLEMAX INCORPORATED, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

*Pro se* Plaintiff, Maurice Scott ("Scott"), no stranger to this Court,[1] filed this action on April 17, 2009. The named Defendants are Titlemax of Columbia and Titlemax Incorporated. The exact nature of Scott's claims are unclear, but they appear to arise from a claim and delivery action filed in state court against Scott for the repossession and sale of an automobile pursuant to S.C.Code Ann. § 22-3-1320. Scott filed a motion for default judgment on September 1, 2009. Defendants filed a motion to dismiss and/or motion to set aside or object to default judgment on September 10, 2009. Because Scott is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on September 11, 2009, advising Scott of his responsibility to respond to the motion to dismiss. When no response was received, the undersigned issued an order requiring Scott to notify the Court within 15 days if he wished to continue his case. Scott filed a response on December 1, 2009. Defendants filed a reply on December 4, 2009.

---

[1] The Court's records show that Scott has previously filed nine *pro se* civil actions in this Court. Aloe Creme Laboratories, Inc. v. Francine Co., 425 F.2d 1295, 1296 (5th Cir. 1970) (This Court may take judicial notice of its own records.). He is presently awaiting sentencing in United States v. Maurice Wayman Scott, Cr.No. 3:08-00484-MJP-1.

### Proper Defendant

In the motion to dismiss, Defendants state that the proper Defendant is TitleMax of South Carolina, Inc. The prior state court action refers to Titlemax of Columbia and Titlemax of South Carolina, Inc. Scott does not dispute that TitleMax of South Carolina, Inc. (hereinafter "TitleMax") is the proper Defendant.

### Factual Background

TitleMax has filed a number of exhibits in support of their motion to dismiss. These exhibits show the following:

### Claim and Delivery

1. TitleMax filed a claim and delivery action in Richland County Magistrate's Court (No. 2008-CV-40-1091807) seeking repossession of an automobile owned by Scott in which it possessed a security interest. The complaint is dated August 26, 2008, and was served on Scott on August 31, 2008. (Def.Mem., Ex. A).

2. Scott filed a *pro se* answer on September 2, 2008. Interestingly, Scott attached to his answer a copy of a proposed federal court complaint against TitleMax and Mary Johnson alleging violations of the Fair Debt Collection Practices Act. The proposed complaint is dated August 26, 2008, but it has never been filed in this Court. (Def.Mem., Ex. B).

3. On October 13, 2008, the claim and delivery action was mediated and the parties signed a "Memorandum of Agreement." (Def.Mem., Ex. C).

4. On October 14, 2008, counsel for TitleMax sent Scott a proposed consent order memorializing the agreement which modified Scott's loan agreement. A revised consent order was sent on October 20, 2008. Scott never signed the consent order.

5. It is unclear from this record how the claim and delivery action was resolved. In his present complaint, Scott specifically alleges that TitleMax violated the terms of the mediation agreement by calling him on the telephone on October 31, 2008.[2] TitleMax takes the position that the claim and delivery action was resolved by the mediation agreement, even though there is no record that the final agreement was signed by Scott, or that the court entered the proposed order. (Def.Mem., p. 2).

**Federal Action**

As noted above, Scott filed the present case on April 17, 2009, appearing to allege that a telephone call to him from TitleMax on October 31, 2008 violated the state mediation agreement. However, in "Local Rule 26.01 Interrogatories" filed with the complaint, Scott states that his case is "based upon the Federal protection afforded by the FDCPA." The undersigned assumes that Scott is referencing the Fair Debt Collection Practices Act. (*See* 15 U.S.C. § 1692, *et. seq.*).

**Bankruptcy Action**

1. Three days after Scott filed the present action, April 20, 2009, TitleMax Holdings, LLC, et al. filed a Chapter 11 petition in the United States Bankruptcy Court for the Southern District of Georgia. Among the debtors under Titlemax Holdings, L.L.C. was TitleMax of South Carolina, Inc. On a continuation sheet, TitleMax listed "Corporations merged into TitleMax of South Carolina, Inc. in 2003." This listing

---

[2]Scott also alleges a series of calls that preceded the filing of the claim and delivery action.

included TitleMax #1 of Columbia, Inc., TitleMax #2 of Columbia, Inc., and TitleMax #3 of Columbia, Inc. (Def.Mem., Ex. F).

2. On April 27, 2009, TitleMax notified Scott and the Richland County Magistrate's Court, referencing the claim and delivery action presumably because the consent order had never been signed, of the bankruptcy petition. (Def.Mem., Ex. G).

**Default Judgment**

A defendant must file an answer "within 21 days after being served with the summons and complaint. Rule 12(a)(1)(A)(i), Fed.R.Civ.P. If the defendant fails to file a timely answer, the plaintiff may seek default judgment pursuant to Rule 55, Fed.R.Civ.P.

The record in this case shows that service of the *pro se* complaint was authorized on April 30, 2009, and that the United States Marshal served TitleMax on May 14,2 009. TitleMax did not file an answer, and Scott moved for default judgment on September 1, 2009.

TitleMax argues that Scott is not entitled to default judgment because it is entitled to an automatic stay in these proceedings because of the pending bankruptcy action. The undersigned agrees. The filing of a Chapter 11 bankruptcy petition automatically stays all proceedings against the bankruptcy debtor, i.e., TitleMax, pursuant to 11 U.S.C. § 362(a). *See* Kreisler v. Goldberg, 478 F.3d 209, 212-213 (4th Cir. 2007). It is clear that TitleMax gave Scott (and the Richland County Magistrate's Court) notice of the bankruptcy petition on April 27, 2009. (Def.Mem., Ex. G). Further, five days after service of the complaint, May 19, 2009, TitleMax sent Scott another copy of the notice of the bankruptcy filing and advised him that it was entitled to an automatic stay in the present case pursuant to 11 U.S.C. § 362(a).

Because this case is subject to the automatic stay based on the bankruptcy petition, TitleMax was not required to file an answer. Scott is not entitled to default judgment.

### **Preliminary Injunction**

In his motion for default judgment, Scott also seeks injunctive relief against TitleMax. It appears that on April 16, 2009, attempted to serve some process on Scott relating to the claim and delivery action, apparently in an attempt to finally resolve that matter. In essence, Scott is asking this Court to preclude TitleMax from proceeding in a case that is pending in state court. This Court should abstain from interfering with the state judicial process.

### **Motion to Dismiss**

TitleMax argues that this action should be dismissed pursuant to Rule 12(b) (2, 4 and 5) Fed.R.Civ.P. because service of the summons and complaint in violation of the automatic stay was ineffective. Further, TitleMax argues that this action should be dismissed pursuant to Rule 12(b)(6) because the complaint fails to state a claim upon which relief may be granted.

   **1. Service of Process**

TitleMax argues that it is entitled to dismissal because the automatic stay stemming from its bankruptcy petition "precluded Plaintiff from properly serving process on TitleMax at any time after the bankruptcy filing." (Def.Mem., p. 5). Indeed, 11 U.S.C. § 362(a)(1) extends the automatic stay to "the issuance or employment of process of a judicial...action." However, none of the cases cited by TitleMax holds that the automatic stay requires dismissal of an action based on the automatic stay. One of those cases, <u>Gee v. Lucky Realty Homes, Inc.</u>, 210 F.Supp.2d 732, 735 (D.Md. 2002), recognized that the automatic stay precluded a defendant from being served, but held that "neither the bankruptcy statute nor case law in this circuit support the...assertion that they stay nullified the

5

suit altogether." Scott has not shown that TitleMax is not entitled to the benefit of the stay. However, Scott should, at the least, be given the opportunity to seek relief from the stay from the Bankruptcy Court.

   **2. Failure to State a Claim**

TitleMax argues that it is entitled to dismissal because the complaint fails to state a claim upon which relief may be granted. Rule 8(a)(2), Fed.R.Civ.P., specifies that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The Supreme Court has held that dismissal pursuant to Rule 12(b)(6) is appropriate unless the complaint "contain(s) sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). These requirements that "'give the defendant fair notice of what the...claim is and the grounds upon which it rests'" apply to all claimants, including those who are *pro se*. Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly at 555). Although a "*pro se* complaint 'must be held to less stringent standards than formal pleadings drafted by lawyers,'" a *pro se* plaintiff's "'obligation to provide the ground of his entitlement to relief requires more than a formulaic recitation of the elements of a cause of action will not do.'" Thigpen v. McDonnell, 273 Fed.Appx. 271, 273 (4th Cir. 2008) (unpublished quoting Erickson at 94 and Twombly at 555).

Liberally construed, Scott's complaint alleges that TitleMax violated the mediation agreement by telephoning him on October 31, 2008, and that TitleMax violated the FDCPA by telephoning him on numerous occasions including October 31, 2008. The undersigned concludes that these

allegations are sufficient to put TitleMax on notice of Scott's claims and the facts upon which he relies.[3]

### 3. Mediation Agreement

Last, TitleMax argues that Scott's claims are barred by the mediation agreement in the claim and delivery action. However, TitleMax cites no authority that the mediation agreement, which was never formally executed and which is not subject to a final order of the Court, precludes these claims.

### Conclusion

Based on a review of the record, it is recommended that Plaintiff's motion for default judgment and a preliminary injunction be **denied**. It is further recommended that Defendant's motion to dismiss be **denied**.

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina

June 10, 2010

**The parties are referred to the Notice Page attached hereto.**

---

[3] TitleMax also asserts that Scott has failed to plead that it is a "debt collector" as defined by the FDCPA. While TitleMax may ultimately prevail for this reason, it has not shown that it is entitled to dismissal for a pleading deficiency.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).