**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION**

| | |
|---|---|
| Maurice Scott, ) | C/A No. 3:09-1032-CMC-JRM |
| ) | |
| Plaintiff, ) | |
| ) | **OPINION & ORDER** |
| v. ) | |
| ) | |
| TitleMax of Columbia and TitleMax, Inc., ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Through this action Plaintiff, proceeding *pro se*, seeks damages and injunctive relief related to a state claim and delivery action for repossession and sale of Plaintiff's automobile. This matter is currently before the court for resolution of two motions: (1) Plaintiff's motion for default judgment, pursuant to Fed. R. Civ. P. 55, based on Defendants' failure to timely file an answer; and (2) Defendants' motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(4), 12(b)(5), and 12(b)(6) for failure to effectively serve the summons and complaint and failure to state a claim upon which relief may be granted.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2), DSC, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pre-trial proceedings and a Report and Recommendation ("Report"). On June 10, 2010, the Magistrate Judge issued a Report recommending that the court deny both motions. Both parties timely filed objections to the Report.

Because objections have been raised to all aspects of the Report, the court has reviewed the reasoning and recommendations of the Report *de novo*. *See Mathews v. Weber*, 423 U.S. 261 (1976); *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). The court adopts the Report insofar as it recommends (1) denial of Plaintiff's motion for default judgment due to the protections afforded Defendants under an automatic bankruptcy stay and (2) denial of

Defendants' motion to dismiss based on their argument that the automatic stay precluded "service" from being effective.[1] Because of the automatic stay, the court normally would not proceed further. However, in the interest of judicial economy, and because Defendants (the parties protected by the stay) have elected to raise a substantive objection to the Report, the court addresses the critical remaining argument raised in Defendants' objection.

Defendants argue that, as a direct creditor of Plaintiff, they are not "debt collectors" as defined under 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"). Defendants contend, therefore, that they cannot be held liable for an alleged violation of the Act, and consequently, that Plaintiff has failed to state a claim upon which relief may be granted. As stated in the Report, it is possible that TitleMax will prevail on this argument at a later stage of the litigation. However, whether Defendants meet the FDCPA definition of "debt collector" involves a factual inquiry which is not well-suited for resolution through a motion to dismiss for pleading deficiency. *See* 15 U.S.C. § 1692a(6)(A)-(F) (listing various exemptions to the term "debt collector" under the FDCPA); *see also Ruth v. Triumph Partnerships*, 577 F.3d 790, 796-97 (7th Cir. 2009) (holding that a company was a "debt collector" when it purchased debts that were in default at the time they were acquired); *Griffin v. Bailey & Assocs.*, 855 F. Supp. 1047, 1048-49 (E.D. Mo. 1994) (holding that a company was not a "debt collector" when less than 10% of its three hundred employees were engaged in debt collection). Accordingly, the court finds that Defendants' FDCPA argument is not appropriate for resolution through a motion to dismiss. Therefore the court adopts the Report in full and denies the cross motions for default and to dismiss.

---

[1] The court notes that Defendants are apparently, or at least may be, incorrectly named. While this defect is not fatal, it should be corrected as soon as possible after the stay is lifted.

The action shall remain stayed pending further order, except that within fourteen days of entry of this order, Defendants are directed to file a status report addressing the continued viability of the bankruptcy stay as applied to the named Defendants (as currently identified or under their corrected names).[2] In the event the stay is still in effect and applicable to Defendants, they are further directed to file a supplemental status report within fourteen days of conclusion of the bankruptcy proceedings or other events ending the stay. This matter is recommitted to the Magistrate Judge for further proceedings.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina  
July 19, 2010

---

[2] In his objection, Plaintiff suggests that the bankruptcy proceedings may have ended. *See* Dkt. No. 21 at 2-3.