**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF SOUTH CAROLINA**

**COLUMBIA DIVISION**

| | | |
|---|---|---|
| MAURICE SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3:09-1032-CMC-JRM |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| TITLEMAX OF COLUMBIA, | ) | |
| TITLEMAX INCORPORATED, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

On July 19, 2010, the Honorable Cameron M. Currie, United States District Judge, entered an order adopting a Report and Recommendation and holding that Defendants were entitled to an automatic stay of this action due to a pending bankruptcy action. The Court also required Defendants to file a "status report" addressing the continued viability of the bankruptcy stay as applied to the named Defendants. The status report was filed on August 2, 2010. Attached to Defendants' status report is a copy of a "Debtors' Omnibus Objection to Litigation Claims" filed in the bankruptcy action. An exhibit attached to the Omnibus Objection lists proof of claim filed in the bankruptcy action including two by Plaintiff. The Court also ordered Defendants "to file a supplemental status report within fourteen days of conclusion of the bankruptcy proceedings or other events ending the stay." As Defendants have not filed a supplemental status report, it appears the stay remains in

effect.

The purpose of this Report and Recommendation is to address two pending motions:

**1. Plaintiff's Motion for Default Judgment**

On June 16, 2010, Plaintiff filed a second motion for default judgment as well as an objection to the first Report and Recommendation.[1] Although it is not completely clear, it appears that Plaintiff asserts that Defendants should have filed an answer in this case because the "confirmation plan" in the bankruptcy action did not specifically include provisions for paying Plaintiff's claims. Even if this is true, Plaintiff is not entitled to relief from the automatic stay and default judgment on this basis.

**2. Plaintiff's Motion for Summary Judgment**

Plaintiff moved for summary judgment in this case on July 6, 2010. Defendants filed a response on July 20, 2010.

Rule 56, Fed.R.Civ.P., provides for summary judgment where the record after discovery shows that there is no genuine issue of material fact and that the moving party is entitled to judgment. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Plaintiff does not move for summary judgment on the basis of a record produced through discovery involving the claims asserted in his complaint. Instead, Plaintiff appears to argue he is entitled to summary judgment in this case based on perceived false statements made by Defendants in the ongoing bankruptcy litigation. (Pl.Mot., ¶ 4). According to Defendants, objections were filed and sustained as to two proofs of claim filed by Plaintiff in the bankruptcy case, and, therefore, his claims were not included in the Chapter 11 plan of reorganization. Plaintiff has not shown he is entitled to summary judgment.

---

[1] Judge Currie's order denied the first motion for default judgment.

## Conclusion

It is recommended that Plaintiff's motions for default judgment and summary judgment be **denied.**

_____
Joseph R. McCrorey
United States Magistrate Judge

Columbia, South Carolina

November 29, 2010

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).