**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| Maurice Scott, | ) | C/A No. 3:09-1032-CMC-JRM |
| | ) | |
| Plaintiff, | ) | |
| | ) | **OPINION & ORDER** |
| v. | ) | |
| | ) | |
| TitleMax of Columbia and TitleMax, Incorporated, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the court on Plaintiff's June 16, 2010 motion for default judgment and Plaintiff's July 6, 2010 motion for summary judgment. Dkt. Nos. 22, 31. For the reasons set forth below, both motions are denied. The automatic bankruptcy stay and related requirement for a status report otherwise continue in effect. *See* Dkt. No. 32 (July 19, 2010 order).

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2), DSC, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pre-trial proceedings and a Report and Recommendation ("Report"). On November 29, 2010, the Magistrate Judge issued a Report recommending that the court deny both motions. Dkt. No. 37 (entered November 30, 2010). Both parties were given notice of their opportunity to object and the serious consequences of failing to do so. Neither party filed an objection and the time for doing so has passed.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). The court

reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Because no objection has been filed, the court has reviewed the Report for clear error. Having done so, the court finds none and adopts and incorporates the reasoning and recommendation of the Report. That reasoning is based, in large measure, on the pendency of a bankruptcy stay which continues in effect.

## CONCLUSION

For the reasons set forth above, the Report and Recommendation is adopted and Plaintiff's motions are denied. This matter continues subject to the bankruptcy stay and prior directive that Defendants file a status report upon lifting of the stay. This matter is recommitted to the Magistrate Judge for such further proceedings as may occur after lifting of the stay.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 27, 2011